**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ralph RIKARD, Defendant-Appellant.**

No. 76–3505.

United States Court of Appeals, Fifth Circuit.

May 16, 1977.

---

Joseph C. DaPore, Lima, Ohio, for defendant-appellant.

R. Jackson B. Smith, Jr., U. S. Atty., J. Michael Faulkner, Asst. U. S. Atty., Augusta, Ga., for plaintiff-appellee.

Before GOLDBERG and TJOFLAT, Circuit Judges, and WYATT *, District Judge.

PER CURIAM:

The appellant, Rikard, sold a hind quarter of improperly marked horsemeat to a restaurant owner, claiming it to be beef. He was found guilty on two counts: (a) transporting in interstate commerce, without intent to defraud, horsemeat not properly marked; and (b) selling, with intent to defraud, horsemeat improperly marked, all in violation of the Wholesale Meat Act, 21 U.S.C. §§ 619 & 676 (1970).[1] We affirm his conviction.

---

* Senior District Judge of the Southern District of New York, sitting by designation.

1. The relevant passage of 21 U.S.C. § 619 (1970) is as follows:

No person, firm, or corporation shall sell, transport, offer for sale or transportation, or receive for transportation, in commerce, any carcasses of horses, mules, or other equines or parts of such carcasses, or the meat or meat food products thereof, unless they are plainly and conspicuously marked or labeled or otherwise identified as required by regulations prescribed by the Secretary to show the kinds of animals from which they were derived. . . .

The relevant portion of section 676 is as follows:

(a) Any person, firm, or corporation who violates any provision of this chapter for

Rikard raises four contentions on appeal: (1) section 676 is unconstitutional because it grants the Secretary of Agriculture too much prosecutorial discretion; (2) it is improper to punish someone for improper labelling over which he had no control; (3) there was insufficient evidence at trial to prove that the meat was in commerce; and (4) he is exempt from the operation of section 619 under regulations promulgated by the Secretary. Short shrift can be made of the first three alleged errors. First, we agree with the Ninth Circuit that section 676 is constitutional. *See United States v. Thriftimart,* 429 F.2d 1006 (9th Cir.), *cert. denied,* 400 U.S. 926, 91 S.Ct. 188, 27 L.Ed.2d 185 (1970) (construing identical language of 21 U.S.C. § 336 (1970)). *See also United States v. 449 Cases,* 212 F.2d 567 (2d Cir. 1954). Second, Rikard was not indicted for improper *labelling* the horsemeat, but for *transporting* and *selling* improperly marked meat. *Compare* 21 U.S.C. § 606 (1970) *with id.* § 619; *cf. United States v. Freed,* 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). Third, ample evidence existed for the trial judge to conclude that the horsemeat was in commerce.

Appellant's fourth contention requires little more discussion than his first three. He argues that he is entitled to claim the exemption to section 619 carved out by 9 C.F.R. § 303.1(d)(1) (1976). That regulation simply makes inapplicable the Act's inspection requirements to those operations "of types traditionally and usually conducted at retail stores and restaurants . . . for sale in normal retail quantities . . . ." It in no way affects section 619's prohibition on transporting and selling already improperly labelled meat, as was the case here.[2] Thus, the regulation affords Rikard no relief.

We have examined all of the appellant's allegations of error and find them to be without merit. His judgment of conviction is therefore

AFFIRMED.

---

which no other criminal penalty is provided by this chapter shall upon conviction be subject to imprisonment for not more than one year, or a fine of not more than $1,000, or both such imprisonment and fine; but if such violation involves intent to defraud, or any distribution or attempted distribution of an article that is adulterated (except as defined in section 601(m)(8) of this title), such person, firm, or corporation shall be subject to imprisonment for not more than three years or a fine of not more than $10,000, or both . . . .

(b) Nothing in this chapter shall be construed as requiring the Secretary to report for prosecution or for the institution of libel or injunction proceedings, minor violations of this chapter whenever he believes that the public interest will be adequately served by a suitable written notice of warning.

**2.** We need not discuss other possible reasons why section 303.1(d)(1) might be inapplicable to the case at hand.